PROB 12A
(REVISED 5/2011)

# United States District Court
## for
## Middle District of Tennessee

## Report on Offender Under Supervision

Name of Offender: <u>Ida Horton</u>  Case Number: <u>3:11-00102-01</u>

Name of Sentencing Judicial Officer: <u>Honorable E. Richard Webber, U.S. District Judge, ED/MO</u>

Name of Current Judicial Officer: <u>Honorable Todd J. Campbell, United States District Judge</u>

Date of Original Sentence: <u>March 24, 2011</u>

Original Offense: <u>18 U.S.C. § 371 Conspiracy to Possess With the Intent to Use Five or More Identification Documents, Unlawfully Use A Means of Identification of Another Person to Commit A Crime, Commit Bank Fraud, and Commit Access Device Fraud</u>

Original Sentence: <u>Three years' probation</u>

Type of Supervision: <u>Probation</u>  Date Supervision Commenced: <u>March 24, 2011</u>

Assistant U.S. Attorney: <u>Jimmie Lynn Ramsaur</u>  Defense Attorney: <u>To be determined</u>

---

**THE COURT ORDERS:**

☒ No Action at this time
☐ Submit a Petition for Summons
☐ Submit a Petition for Warrant
☐ Other

Considered this 17th day of March, 2014,
and made a part of the records in the above case.

_____
Todd J. Campbell
U.S. District Judge

I declare under penalty of perjury that
the foregoing is true and correct.
Respectfully submitted,

_____
Kimberly Haney
U.S. Probation Officer

Place   Nashville, Tennessee

Date   March 17, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|

**1.**     **The defendant shall not commit another federal, state, or local crime.**

On March 2, 2014, Ms. Horton was arrested by Metropolitan Nashville Police Department (MNPD), and charged with Driving Under the Influence (DUI), a class A misdemeanor and Implied Consent, in Nashville Davidson County, Tennessee. She is scheduled to appear in court on March 26, 2014.

According to the affidavit of complaint, on March 2, 2014, Ms. Horton was the driver of a vehicle stopped for speeding. She had an obvious odor of an alcoholic beverage coming from about her person, watery eyes, and admitted to drinking two beers. She was asked to exit the vehicle and perform three standard field sobriety tests. Ms. Horton showed indicators of impairment. She was arrested for Driving Under the Influence, and the police officer read the Implied Consent law to her. Ms. Horton replied that she understood the law, and she agreed to a breath test. She provided three insufficient samples. The police officer requested a blood test and she refused to give one.

**2.**     **The defendant shall refrain from excessive use of alcohol.**

On March 2, 2014, Ms. Horton was arrested for Driving Under the Influence in Nashville, Davidson County, Tennessee.

According to the affidavit of complaint, on March 2, 2014, Ms. Horton was the driver of a vehicle stopped for speeding. She had an obvious odor of an alcoholic beverage coming from about her person, watery eyes, and admitted to drinking two beers. She was asked to exit the vehicle and perform three standard field sobriety tests. Ms. Horton showed indicators of impairment.

**3.**     **The defendant shall pay the restitution as ordered by the Court.**

Ms. Horton has failed to pay her restitution as court ordered.

Ms. Horton was ordered by the Court to pay restitution in the amount of $85,450.28, in monthly installments of at least $150 or no less than 10% of her gross income, whichever is greater. Ms. Horton has not paid her restitution as ordered by the Court. Her last payment was on October 7, 2011. Your Honor was notified on March 11, 2013, regarding Ms. Jones' failure to pay her restitution as ordered for the Court. Your Honor modified Ms. Horton' conditions and extended her probation for two years, for a total of five years. Since that time, the probation officer contacted the U.S. Attorney's Office in the Eastern District of Missouri to obtain voluntary

        garnishments paperwork. Ms. Horton agreed to garnishment of her restitution payments, in the amount of $75 bi-weekly, from her paycheck. The voluntary garnishment paperwork was completed and signed by Ms. Horton. The probation officer submitted the paperwork on August 13, 2013. Ms. Horton has changed jobs twice since August 2013. The employment information was updated and a new garnishment document was submitted to the U.S. Attorney's Office. To date, the garnishments have not commenced, and Ms. Horton has not submitted payments in the interim.

**4.**        **The defendant shall notify the probation officer within 72 hours of being arrested or questioned by law enforcement.**

        Ms. Jones failed to notify the probation officer within 72 hours of being arrested on March 2, 2014.

        Ms. Horton was arrested for DUI on March 2, 2014. As of March 5, 2014, she had not contacted the probation officer to advise of her arrest. Ms. Horton called the probation officer on March 11, 2014, and left a voicemail requesting a return phone call.

**Compliance with Supervision Conditions and Prior Interventions:**

Ida Horton began her probation in the Middle District of Tennessee on April 1, 2011, after being sentenced in the Eastern District of Missouri on March 24, 2011. Transfer of jurisdiction was accepted in this district on May 23, 2011, and assigned to the Honorable Todd J. Campbell, U.S. District Judge. Ms. Horton's probation was initially scheduled to expire on March 23, 2014; however, Your Honor extended Ms. Horton's term of supervision for two years, for a total of five years. Ms. Horton's probation is now scheduled to expire on March 23, 2016.

Ms. Horton was ordered to pay $85,450.28 in restitution, joint and several with her codefendants. She has made one payment in the amount of $50 on October 7, 2011; however, there have been a total of $1,708.31 in payments made toward the balance. According to the Eastern District of Missouri, the restitution balance is currently $83,741.97. To date, Ms. Horton is approximately $4,200 in arrears. She is employed, full-time, at Hampton Inn and Suites as a front desk clerk, and she earns $9.50 per hour.

On February 28, 2014, the probation officer contacted Mary Feltmann with the U.S. Attorney's Officer in the Eastern District of Missouri to inquire about the failure of Ms. Horton's voluntary restitution garnishment to start. Ms. Feltmann stated the local address of the offender's employment was written on the paperwork, and it is possible that the corporate address for Ms. Horton's employer is needed in order to properly submit the paperwork. The probation office advised Ms. Horton had recently changed the location of her job but she is with the same company. The local address and phone number of the offender's employer was provided to Ms. Feltmann, along with Ms. Horton's current address and phone number. Ms. Feltmann asked the probation officer to instruct Ms. Jones to pay $150 immediately and continue to pay $150 monthly until the garnishment commences.

On March 17, 2014, the probation officer spoke with Ms. Horton regarding her DUI arrest. She advised she was visiting a friend, and she drank two beers while there. As she was traveling home, she was pulled over by the police. Ms. Horton advised she does not have a drinking problem, and this incident was just a mishap. She does not believe that she is in need of alcohol or substance abuse treatment. Ms. Horton does not have an alcohol or illegal substance abuse history, nor does she have a substance abuse treatment condition ordered by the Court. The probation officer advised Ms. Horton the Court would be notified of this arrest. She was also instructed to make her restitution payments until the garnishments form her paycheck begin. Ms. Horton agreed to comply with this instruction.

**U.S. Probation Officer Recommendation:**

At this time, the probation officer is respectfully recommending no additional action by the Court, to allow the pending charge to be addressed by the local court and to give Ms. Horton an opportunity to pay her restitution until the garnishments commence. If Ms. Horton is convicted, the Court will be promptly notified. Any further non-compliant behavior will be promptly reported to Your Honor.

The U. S. Attorney's Office has been advised of the offender's noncompliance and opine that Ms. Horton should appear before the Court so these violations may be further addressed.


Approved: _____
               Britton Shelton
               Supervisory U.S. Probation Officer